## Henry Warren *et al.*

### *v.*

## Elizur Walbridge, Adm'r, etc., *et al.*

FRAUD—*false representations—laches.* Where the purchaser of an article sought to set aside the sale on the ground of fraudulent representations made by the seller, it was *held*, that, in addition to the fact that the plaintiff failed to make out the fraud alleged, the fact that, for several years after the making of the contract, it was acted upon by the purchaser and his representatives, with a knowledge of all the facts, and treated as still subsisting, afforded an additional reason why a court of equity should not interfere.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. WILDER & DAVIS, for the appellants.

Messrs. VAN ARMAN & VALLETTE, for the appellees.

Per CURIAM: This was a bill in chancery, filed by the appellees against the appellants, to set aside a contract for the sale of the same patent right, as in the case of *Warren et al.* v. *Doolittle, ante,* for the counties of Milwaukee and Sauk, in the State of Wisconsin.

The two cases are essentially alike in their main features, except that, in the present case, there is proof that, for several years after the making of the contract, it was acted upon by the purchaser of the patent right and his representatives, with a knowledge of all the facts, and treated as still subsisting, which affords an additional reason why a court of equity should not interfere. 1 Story Eq. Ju. sec. 203 a; *Ormes* v. *Beadel,* 2 De Gex, F. & J. 236 ; *Vigars* v. *Pike,* 8 Clark & Finn, 562.

The opinion in that case governs the decision of this.

The decree of the court below is reversed, and the cause remanded for further proceedings in conformity with this opinion, and that in *Warren et al.* v. *Doolittle.*

*Decree reversed.*